## HUMBLE OIL & REFINING CO. v. HENDRIX.

(Circuit Court of Appeals, Eighth Circuit. October 18, 1924.)

No. 6591.

1. **Master and servant ⊂⟞103—Oklahoma Factory Act, requiring belt shifters, held applicable to pumping station.**

Oklahoma Factory Act, requiring belt shifters to be provided in factory or institution where machinery is used, *held* to apply to machinery operating pump at water station.

2. **Master and servant ⊂⟞286(10)—Negligence in failing to supply belt shifter held for jury.**

Whether employer was negligent in failing to supply either clutch or belt shifter on engines in pumping plant *held* for jury.

3. **Death ⊂⟞57, 64—Testimony infant son was industrious and turned earnings over to mother held admissible.**

In action by mother, sole surviving parent, testimony that deceased was industrious and saving and turned much of his earnings over to plaintiff, paid for family supplies, and had frequently stated that he was caring for his mother and would continue to do so, was admissible as against objection that complaint did not apprise defendant that such testimony would be offered, and that part of it was incompetent in any event.

4. **Master and servant ⊂⟞258(12)—Complaint for injury by belt held to state cause of action.**

Complaint in action for death of minor son, caught by belt while shifting it, *held* to state cause of action.

In Error to the United States District Court for the Eastern District of Oklahoma; Orie L. Phillips, Judge.

Action at law by Anna Hendrix against the Humble Oil & Refining Company. Judgment for plaintiff, and defendant brings error. Affirmed.

J. E. Williams, H. H. Brown, R. B. Brown, and Henry M. Furman, all of Ardmore, Okl., for plaintiff in error.

Rutherford Brett and Rutherford H. Brett, both of Ardmore, Okl., and Ben F. Williams and John E. Luttrell, both of Norman, Okl., for defendant in error.

Before SANBORN and LEWIS, Circuit Judges, and KENNEDY, District Judge.

LEWIS, Circuit Judge. Defendant in error recovered judgment against plaintiff in error for damages on account of the death of her son, alleged to have been due to the negligence of the defendant below. A State statute gave to the next of kin the right to maintain an action when death is caused by wrongful act or omission, if the deceased might have maintained an action had he lived. The deceased was nineteen years of age at the time of his death, his father was dead, he was in the employ of plaintiff in error as engineer, and as such engineer was operating a pump at a water station near Milo, Oklahoma. The complaint alleges that while he was so engaged on July 8, 1921,

"Said defendant had negligently failed and refused to equip said engine with guards, and had failed and refused to provide a clutch on either the drive shaft or the line shaft of said engine, and there was no way or means of shifting the belt from the active to the idle pulley on the line shaft, except to use a piece of pipe, pick handle or other similar device, and in attempting to perform his duties in this way, the said Hershel Hendrix was on said day and date caught by the belt and thrown on the drive wheel and killed."

It was further alleged that the deceased was plaintiff's only support, that he was in good health, earning $7 a day, and that his death was due solely to the negligence of the defendant in the respect stated. The pump was used to pump water from a creek nearby into a storage tank, from which it was distributed for use. The building at the pumping station was about 20 feet wide and 40 feet long, and housed two 60-horse power engines, one in each end of the building. They were connected by an overhead shaft. The line shaft above was equipped with an idle and an active pulley, so that the belt might be shifted from one to the other as required. One of the engines was in operation pumping water into the tank at the time Hendrix was killed. He had been in the employ of the defendant about a year prior to his death. On occasion the tank would overflow, and when this occurred it was necessary to stop the pump. There was no clutch on either the drive shaft or the line shaft for that purpose, nor was there a belt-shifter to throw the belt from the active to the idle pulley. When the plant was installed it appears to have been the purpose of the defendant to put on a belt-shifter, but that arrangement seems to have been only partly made and not completed. In any event, the record is convincing that there was no such provision on the day of the accident, nor for months theretofore. A belt-shifter seems to be a simple contrivance. If there had been one on the overhead or line shaft Hendrix, by operating its lever, could have shifted the belt from the active to the idle pulley, where it would have been held by the shifter, thus stopping the pump; and then by the same means, when it was desired to start the pump, he could have shifted it back on to the ac-

tive pulley. In the absence of a shifter, and of a clutch, which is also a well known means of releasing the power from the pump, Hendrix and the other engineers employed there were required to and did throw the belt from the line shaft pulley by using a stick or piece of pipe, when it became necessary to stop the pump. When a clutch is used the belt becomes still; it continues in motion but transmits no power when shifted to an idle pulley. On this occasion Hendrix was notified that the tank was overflowing, and for the purpose of stopping the pump he threw the belt off by the means stated. The pulleys were of considerable circumference, and when that was done the belt sagged down on the shafts, and it was necessary for him to lift it up and hang it on a wire provided for that purpose, as had been the practice. In hanging it up he was caught and entangled by the belt in some unexplained way, carried on to the revolving shaft, to which his body was bound and he received fatal injuries resulting almost instantly in his death. A State statute provides:

"The owner or person in charge of a factory or any institution where machinery is used shall provide belt-shifters or other mechanical contrivances for the purpose of throwing belts on or off pulleys, whenever practicable."

[1, 2] This statute is a part of what is known as the Factory Act (Comp. St. 1921, §§ 7226–7254), and one of the assignments of error is that this statute was not intended to apply to a pumping station, such as this. The Act has not been construed in this respect by the State Supreme court. It has been carefully read and considered. Its obvious purpose is the protection of employés whose duties require them to be engaged in the operation of such machinery, and the necessity for the safety appliances which it exacts is as great under the facts disclosed in this case as it would be on like machinery used in a factory or machine shop. The language used is broad enough to include the defendant's plant. It is a remedial statute and should not have a narrow construction. We are not convinced that the trial court erred in applying its requirements to this machinery. The active and idle pulleys on the line shaft called for a belt-shifter. The testimony in the case discloses that the failure of the defendant to supply either a clutch or a belt-shifter on the engines of its pumping plant was contrary to the present-day practice, and we think the court properly submitted to the jury the inquiry as to whether that failure constituted negligence, even if there had been no statute requiring those safety appliances.

[3] There was testimony that young Hendrix was industrious, saving of his earnings, turned much of them over to his mother and paid for family supplies out of them for her benefit, and had frequently stated that he was caring for his mother and would continue to do so. Error is assigned to the admission of this testimony, partly on the ground that there were no allegations in the complaint apprising the defendant that such testimony would be offered, and partly on the ground that some of it was incompetent in any event. We think the assignments are without merit.

[4] The remaining assignment relied on is that the complaint did not state sufficient facts to constitute a cause of action. We think this proposition also wholly without merit. No other errors are assigned or relied upon.

The judgment is affirmed.